10963

SMITH v. PETTIT

(117 S. E., 590)

1. CHATTEL MORTGAGES—WHETHER AUTOMOBILE COVERED BY MORTGAGE HELD FOR JURY UNDER EVIDENCE.—In an action in claim and delivery to recover possession of an automobile which had been left with defendant as security for garage rent, where plaintiff claimed right

to possession under a mortgage, evidence 'held to raise a question for the jury as to whether the automobile in question was covered by the mortgage.

2. APPEAL AND ERROR—FAILURE TO CALL COURT'S ATTENTION TO HIS OMMISSION TO SUBMIT PARTICULAR ISSUE PRECLUDES COMPLAINT THEREOF ON APPEAL.—Where the Court has been requested to instruct on a particular defense, but has sent the case to the jury on a single other question, failure to call his attention to his misstatement of the issue, if any, precludes complaint thereof on appeal.

Before WILSON, J.. Cherokee, 1922.  Affirmed.

Action by C. M. Smith against J. B. Pettit.  Judgment for defendant and plaintiff appeals.

*Messrs. Butler & Hall,* for appellant, cite: *Description in chattel mortgage:*  6 Cyc., 1022.  *Agreement that lender shall receive share of profits does not make him a partner:* 30 Cyc., 32203; 145 U. S., 611; 75 S. C., 108; 68 S. C., 198; 90 S. C., 90; 100 S. C., 238; 88 S. C., 308.  *Lien of mortgage superior to lien of warehouseman:*  40 Cyc., 458; 30 Enc. L., 66; 77 S. C., 420.

*Mr. J. R. Bell,* for respondent, cites: *Question of preponderance of evidence cannot be considered on appeal:*  100 S. C., 33; 62 S. C., 378; 62 S. C., 506; 74 S. C., 221; 62 S. C., 384.  *Who are partners:*  145 U. S., 611; 75 S. C., 108.

July 6, 1922.  (Re-hearing refused May 31, 1923.)

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action in claim and delivery to recover the possession of one Dort automobile.  The plaintiff undertook to recover the car under a chattel mortgage.  The plaintiff moved for the direction of a verdict.  This was refused. Verdict for defendant.  The plaintiff appealed.

One D. M. Gaines, an automobile dealer, mortgaged to the plaintiff some Dort cars, described as follows:

"Six new Dort No. 15 5-passenger touring cars, bought from Burrell-Walker Company, under invoice dated April

6, 1920, Serial Nos. 62841, 82887, 63026, 63046, 62867, Motor Nos. 43896, 54479, 54345, 46027, 46064, 47381. Also four other new Dort No. 15 5-passenger touring cars, bought from Burrell-Walker Company on March 18, 1920, and yet to be delivered."

Mr. Gaines used the garage of the defendant, and when he moved his place of business to another garage he left with the defendant one automobile as security for garage rent, past due and unpaid.

Among other defenses, the defendant denied that the automobile was covered by plaintiff's mortgage. The only evidence as to the identity of the car was that by the defendant, who testified:

"The serial number of that car is 61585; the motor number is K59112."

There can be no question but that, in order to take 1, 2 the property from the possession of the defendant, under a chattel mortgage, the plaintiff must show that the chattel is included in the description contained in his mortgage. Neither the plaintiff nor his witness, the mortgagor, knew anything about the numbers of the cars on hand or "to be received." The means of identification selected by the parties to the mortgage was the serial numbers. The serial numbers of the cars on hand at the time of the execution of the mortgage did not correspond with the only number set forth in the case as the number of the car in dispute. The plaintiff at least must show that the car in dispute was one of the cars "yet to be delivered." Both the plaintiff and his witness Gaines testified that the car in dispute was covered by the mortgage. Neither of them, however, pretended to know to which class the disputed automobile belonged. There was evidence that there was in that garage a Dort car that belonged to neither class. His Honor properly left it to the jury to determine the question as to whether the car was covered by the mortgage. His Honor was asked to charge the jury as to the defense of copartnership between

the mortgagor and the mortgagee.    His Honor sent the case to the jury, however, on the single question as to the sufficiency of the description of the property in dispute.    The appellant did not call the attention of the presiding Judge to the misstatement of the issue, if any, and cannot now complain.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTHRAN and MARION concur.